LAIGHT and others *vs.* PELL and others.

Where a memorandum, not authorized by the master, was read at a master's sale, describing the dimensions of the dwelling-houses sold, and which turned out to be incorrect by several feet, the sale was vacated.

*April 20.
1833.*

*Master's sale.
Description.*

THIS was a bill of foreclosure, and a decree was had, ordering two lots of ground with the buildings thereon to be sold by a master in the usual manner. The property was described in his advertisement as "lots No. 164 and 163—the said lots " being each twenty-one feet in breadth in front and rear and " eighty feet seven inches in depth on each side, be the same " more or less." This advertisement the auctioneer audibly read at the time and place of sale ; and also, in substance, informed the by-standers he held in his hand a memorandum which he would read, although (as he observed) he was instructed by the master to say it was unofficial. It was as follows : " House first to be sold, No. 81, the house nearest the " market. The houses are of brick three stories high—the " the first story finished for a store in front with a back room. " The lots are twenty-two by eighty. The houses twenty-two " by forty-two or forty-four. About three thousand dollars " can remain on each house at six per cent. payable half year- "ly—first of May and November."

The property was sold; the deposit monies paid ; and deeds tendered. The purchasers objected to completing their purchases, because, by the memorandum the houses erected upon the lots were represented as containing in depth forty-two or forty-four feet, whereas, by a measurement since made by the purchasers, they had been ascertained to contain only *thirty-six feet* in depth.

73

This memorandum had been read at the sale by the request of a second mortgagee of the property.

A motion was made for an order requiring the purchasers to complete their respective purchases.

Mr. *G. G. Van Wagenen,* for the motion.

Mr. *J. Boyd,* for opposing purchasers.

THE VICE-CHANCELLOR. The master's advertisement only gave the dimensions of the lots; and the purchasers appear to have gathered their information of the depth of the houses from the memorandum, which ought not to have been read unless it was strictly correct. The general observations which fell from the Chancellor in *Veeder* v. *Fonda,* 3. *Paige's C. R.* 97, are applicable to the present case. He has rightly said, that a fair competition at master's sales is encouraged, while, at the same time purchasers, should understand that no deception will be permitted to be practiced upon them; and, in a contract between them and the court, they will not be compelled to carry it into effect under circumstances where it would not be perfectly just and consciéntious in an individual to insist upon the performance of it against the purchaser.

The purchasers have been misled; and the sales must be vacated with costs; which can be paid to them out of the money arising from other parts of the mortgaged premises sold.