## EASTERN STEEL CO. v. GODAIR-WIMMER BLDG. CO.

### Appeal of 1482 BROADWAY CORPORATION.

(Circuit Court of Appeals, Second Circuit. April 13, 1915.)

No. 223.

RECEIVERS ⟨⟩139—SALE OF PROPERTY—OPENING OR VACATING—MISCONDUCT AFFECTING.

A showing *held* insufficient to entitle a purchaser of property at receiver's sale to relief on the ground that the receiver or auctioneer misrepresented the incumbrances on the property.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 243, 244; Dec. Dig. ⟨⟩139.]

Appeal from the District Court of the United States for the Southern District of New York.

Rockwood & Haldane, of New York City (Nash Rockwood and Charles A. Winter, both of New York City, of counsel), for appellant.

Everett, Clarke & Benedict, of New York City (A. L. Everett, of New York City, of counsel), for appellee.

K. McEwen, of Brooklyn, N. Y., in pro. per.

Before COXE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. The Godair-Wimmer Company went into the hands of a receiver appointed in the above suit by the District Court for the Southern District of New York. A lease of premises at the corner of Forty-Second street and Broadway, New York City, known as the Heidelberg Building, for 21 years from the 1st day of May, 1909, with the privilege of 3 renewals of 21 years each, practically constituted its only asset.

The court ordered the receiver to sell at public sale March 11, 1914, at 11 a. m., the whole of the company's capital stock and its entire issue of bonds secured by mortgage on the lease. This was because the lease contained a covenant against assignment and in no other way could a purchaser get title to it. The terms of sale required the bidder to pay $5,000 down, one-third of the purchase price on confirmation of the sale, one-third in 6 months, and one-third in 12 months, with interest on deferred payments at 6 per cent. per annum; said payments to be secured in a manner satisfactory to the receiver.

The property was struck down to the 1482 Broadway Corporation for $98,600 and the sale was confirmed by the court March 27, 1914; the purchaser being required to pay one-third of the purchase price April 10, 1914, and to secure the payment of the balance by bond with sureties to be approved by the court.

April 14th, upon motion of the purchaser, the order of confirmation was modified by requiring it to pay $11,347.50 on account of the first installment on or before the 16th day of April and the balance thereof of $16,519.16 on the 29th day of April, the second installment of one-third, with interest from March 11th, within six months from that

date, and the remaining one-third of the purchase price, with interest from March 11, 1914, within one year from that date, as security for said payments; the receiver to retain possession of the stock and bonds of the Godair-Wimmer Company and to administer the property at the purchaser's risk until payment of the purchase price in full. April 16th the purchaser did pay the sum of $16,519.16. April 27, 1914, the purchaser obtained an order to show cause why the order of confirmation should not be modified by requiring the receiver to protect it against a blanket mortgage executed by the Coe estate for $720,000, covering 41 parcels of land in New York and Brooklyn, including the premises in question.

In support of this motion the affidavit of the attorney for the purchaser averred that he had asked at the time of the sale whether there were any incumbrance upon the building ahead of the lease, and that the auctioneer and receiver replied that there was not, whereas on or just before April 13th he learned of the existence of the mortgage in question. Some confirmation of this appeared in other affidavits. The affidavit of the receiver alleged that the only representation he made was that the stock and bonds of the Godair-Wimmer Company were to be sold free and clear of the debts of that company. This was confirmed both as to him and as to the auctioneer by other affidavits. The affidavit of the auctioneer was taken by neither party and each contends that it ought to have been taken by the other. As after the sale he was not in the employment of the receiver and as the burden of proof was upon the petitioner, we think that between the receiver and the purchaser the duty of taking the affidavit of the auctioneer lay naturally upon the purchaser.

The order to show cause was denied, with leave to renew, and, having been renewed September 5th, was denied by Judge Mayer, "without prejudice to move for leave to bring an action or suit in which the receiver may be made a party defendant." This is the order appealed from.

If the auctioneer or receiver did make the representation alleged by the purchaser, it should be granted relief. Laight v. Pell, 1 Edw. Ch. 577; Hudson v. New York & Albany, 180 Fed. 973, 104 C. C. A. 129. Upon the affidavits, however, the District Judge was not satisfied that such representations had been made, and we concur in his conclusion.

Order affirmed.